**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-30565
Summary Calendar

JAMES HARDY; CLAUDIA HARDY,

Plaintiffs-Appellees,

versus

WAL-MART STORES, INC.,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana
98-CV-1061

November 3, 2000

Before POLITZ, JOLLY, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Wal-Mart Stores, Inc. appeals an adverse jury decision and the district court's

denial of its post-trial motion for judgment. Concluding that there is sufficient

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence to warrant the jury's finding of liability, and to support the denial of the post-verdict motion, the judgment appealed is affirmed.

## BACKGROUND

Claudia Hardy sought to celebrate Halloween in traditional fashion by purchasing a pumpkin. She first shopped at Lowe's, before driving across the street to Wal-Mart which had a large display of pumpkins outside the store. The display was about 25 feet long and eight or nine feet deep, bordered on three sides by bales of hay which enclosed the display. At the edge of the display the bales were singly stacked, ascending to doubles and, finally, to three bales high nearest the pumpkins.

After walking around the display, she spied what she viewed as the perfect pumpkin. That pumpkin was inside the display, about shoulder high and approximately three feet out of her reach. She examined the bales of hay stacked in ascending levels and testified that they "appeared to be stairs." Assuming that the bales were for customer access to the pumpkins, in this nigh-exclusively, self-help retail establishment, she placed her foot on the first bale; it seemed stable. She then decided to climb to the second "stair." As she did so, the first bale shifted and she was thrown to the ground and injured.

This action initially was filed in Louisiana state court; Wal-Mart removed to federal court. The jury found Wal-Mart negligent in setting up the pumpkin display

2

and gave plaintiffs judgment for their damages. In doing so the jury found Claudia Hardy 35% at fault. This appeal by Wal-Mart timely followed.

## ANALYSIS

We review the denial of a Post-Trial Motion for Judgment as a Matter of Law *de novo*.[2] We apply the same standard employed by the district court, asking whether there is a legally sufficient evidentiary basis for a reasonable jury to find for the plaintiff.[3] A motion for judgment as a matter of law should be granted only "[i]f the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict."[4]

Applying this standard, we find sufficient evidence to justify the jury's verdict and thus decline to disturb it. Wal-Mart disputes that the hay bales were unreasonably dangerous and that Claudia Hardy was only 35% at fault.[5] These

---

[2] Thelkeld v. Total Petroleum, 211 F.3d 887 (5th Cir. 2000).

[3] FED. R. CIV. P. 50(a).

[4] Boeing v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969) (en banc), overruled on other grounds by Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331 (5th Cir. 1997) (en banc).

[5] In Wal-Mart's brief, counsel consistently refers to the finding of contributory negligence as "15%," but the record reflects that the jury found Claudia Hardy 35% at fault. We proceed on the assumption that Wal-Mart objects to the 35% figure and that the use of 15% was merely a typographical error.

assertions involve credibility determinations and the resolution of disputed facts, findings at the very heart of the jury function.[6]

The jury heard the testimony from Claudia Hardy and evaluated the credibility of her statements. They concluded that her assumption that Wal-Mart stacked the bales in order to allow customers access to the pumpkins was reasonable. No signs told customers to ask for assistance or to stay off the bales, the bales lacked any securing ties or straps, and no employees monitored the display to assist or answer questions. All of this is to be viewed in light of the unquestioned fact that Wal-Mart is essentially a customer self-service operation. We find ample evidence to justify the jury's determination that the display constituted an unreasonable risk of harm.[7] Further, the jury evaluated Claudia Hardy's conduct, based on her testimony and the other evidence presented at trial, and found her 35% at fault. This fault allocation is squarely within the province of

---

[6] See Ray v. Iuka Special Mun. Separate Sch. Dist., 51 F.3d 1246, 1251 (5th Cir.1995) (noting that assessment of the credibility of witnesses is a jury function); Boeing, 411 F.2d at 375 n. 16 ("[I]t is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of the witnesses.").

[7] See United States v. Dula, 989 F.2d 772, 778 (5th Cir.), cert. denied, 510 U.S. 859 (1993) (noting, in context of reviewing a motion for a new trial, that when a party has had the opportunity to challenge the witnesses' credibility and the fact finder has chosen to believe the witnesses, the appellate court will not generally intrude on the decisions reached).

the fact finder. The evidence in the record does not support judicial intrusion into

this function.[8]

The decisions of the jury and trial court are AFFIRMED.

---

[8] See Prestenbach v. Rains, 4 F.3d 358, 361 (5th Cir. 1993) (affirming jury's allocation of fault and noting deference given to fact finder on this issue); Gator Marine Serv., Etc. v. J. Ray McDermott & Co., 651 F.2d 1096, 1099 (5th Cir. 1981) (noting, in case involving maritime dispute, that trial judge's allocation of fault is subject to review using a clearly erroneous standard).